## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SRAM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-00492-SCJ |
| | ) | |
| v. | ) | |
| | ) | |
| FOX FACTORY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FOX FACTORY, INC.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT APPROPRIATE**

**TABLE OF CONTENTS**

I.      Introduction ..................................................................................................... 1

II.     FOX Inc.'s Good Faith Factual Bases for Its Belief that Scotts Valley, California Was Its Principal Place of Business ................................. 2

III.    FOX Inc. and Counsel Sincerely Apologize for Mistakes in Their Papers Regarding FOX Inc.'s Receipt of Bond and Tax Benefits from the State of Georgia ................................................................................ 5

IV.    FOX Inc.'s and Counsel's Good Faith Legal Bases for its Contention (Now Withdrawn) that Scotts Valley was the "Nerve Center" and Principal Place of Business of FOX Inc. ...................................... 9

V.     Conclusion ..................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hertz Corp. v. Friend*,
 559 U.S. 77 (2010)................................................................................10, 11

I.     Introduction

FOX Factory, Inc. ("FOX Inc.") fully respects the Court's decision denying FOX Inc.'s motion to transfer and finding that Duluth is FOX Inc.'s principal place of business. FOX Inc. and its parent, FOX Factory Holding Corp. ("FOX Hold Co."), have been undergoing significant organizational, personnel, and geographical changes as the company has expanded over the past few years. When FOX Inc. filed its motion to transfer and reply nearly one year ago, FOX Inc. and its counsel had a good faith belief that Scotts Valley, California was the principal place and "nerve center" of FOX Inc.'s entire business (not just the bike suspension business). That understanding was largely based upon information from a former in-house FOX Inc. counsel who had worked for FOX Inc. from 2007 until December 2023, mostly out of its Scotts Valley facilities, and who was intimately familiar with FOX Inc.'s business and operations. Recently, however, FOX Inc. and counsel have learned that mistakes by that former in-house counsel resulted in mistakes in FOX Inc.'s filings with this Court, for which we sincerely apologize. Although FOX Inc. and counsel now recognize and apologize for those errors, FOX Inc.'s positions in its motion and reply were made in good faith at the time and were not intended to mislead the Court. For that reason, FOX Inc. respectfully submits that sanctions are not warranted.

1

## II. FOX Inc.'s Good Faith Factual Bases for Its Belief that Scotts Valley, California Was Its Principal Place of Business

When FOX Inc. filed its motion to transfer and reply in this case, FOX Inc. and its counsel had a good faith belief that Scotts Valley was FOX Inc.'s principal place of business. As explained below, this was based at least on FOX Inc.'s longstanding presence and operations in Scotts Valley; pleadings and motions filed in other cases that predate this one that also stated Scotts Valley was FOX Inc.'s principal place of business; information received from FOX Inc.'s longtime in-house counsel responsible for this action and all its patent litigation; and FOX Inc.'s 2023 and 2022 Statement of Information filings with the California Secretary of State identifying FOX Factory's Scotts Valley address as the company's Principal Address.

For many years, FOX Inc.'s primary location for both its mountain bike and powered vehicles businesses was in Scotts Valley, California. Merchant Decl., ¶5. Beginning in approximately 2018, FOX Hold Co. and FOX Inc. began expanding certain operations to Georgia. *Id*. FOX Inc. set up new headquarters (mostly legal, HR, IT, and a number of corporate executives) in Georgia, and its powered vehicles manufacturing and offices began expanding in Georgia. *Id*. However, many of FOX Inc.'s mountain bike employees (including design, development, engineering, and sales) and some powered vehicle employees continued to be

2

based in Scotts Valley, and FOX Inc. continued to employ powered vehicle employees in El Cajon, California. *Id*. And FOX Inc. did not (and still does not) conduct mountain bike research, design, development, manufacturing, or sales from Georgia in any significant amount (and likely not at all). *Id*. When FOX Inc. filed its motion to transfer and reply, litigation counsel understood from FOX Inc.'s in-house counsel responsible for this litigation (David Haugen) that FOX Inc.'s principal place of business continued to be in Scotts Valley notwithstanding the ongoing expansion into Georgia. Bhattacharyya Decl., ¶4; McCauley Decl., ¶3. FOX's in-house counsel also reviewed and revised the motion to transfer and reply brief before they were filed. Bhattacharyya Decl., ¶4; McCauley Decl., ¶3.

FOX Inc.'s and counsel's reliance upon Mr. Haugen was reasonable because Mr. Haugen had longstanding experience and deep familiarity with the business and operations of both FOX Inc. and FOX Hold Co. In brief, Mr. Haugen had been working in a general counsel role for FOX Inc. since approximately 2007; was General Counsel when FOX Hold Co. underwent its initial public offering in 2013; and was closely involved in the companies' expansion to Georgia since approximately 2018. Bhattacharyya Decl., ¶3. Mr. Haugen was intimately familiar with the business and operations of FOX Inc. and FOX Hold Co., and he was the person within FOX Inc. who was responsible for all its patent litigations, IPRs, and

appeals from 2016 through December 2023. *Id*. at ¶2. At the time FOX Inc. filed its motion and reply, counsel had no reason to question Mr. Haugen's stated belief that FOX Inc.'s principal place of business was Scotts Valley (more on this below). *Id*. at ¶6; McCauley Decl., ¶3.

In addition, in prior litigations against SRAM, FOX Inc. consistently stated that FOX Inc. is a California corporation with its principal place of business in Scotts Valley, California. Bhattacharyya Decl., ¶5, Exs. C and D; McCauley Decl., ¶3. This includes FOX Inc.'s recent opposition to a SRAM motion to transfer a separate case from California, which FOX Inc. filed in 2022 (i.e., after FOX Hold. Co. and FOX Inc. transferred their headquarters to Duluth). The very first sentence of FOX Inc.'s opposition brief in that case stated: "Plaintiff FOX Factory, Inc. ('FOX') is a California corporation with its principal place of business in Scotts Valley, California, in the Northern District of California," the same as FOX had stated in yet another prior case against SRAM and its same litigation counsel in 2017. *Id*. Thus, FOX Inc.'s belief about its principal place of business was not new; it did not manufacture or misrepresent Scotts Valley as its principal place of business to boost its position for its transfer motion in this case.

FOX Inc.'s and counsel's understanding that Scotts Valley was the principal place of business for FOX Inc. came not only from work and communications with

4

Mr. Haugen, but also from Statements of Information that FOX Inc. had filed with the California Secretary of State. For example, on March 29, 2023, just days before FOX Inc. filed its motion to transfer on April 3, 2023, FOX filed its Statement of Information with the California Secretary of State identifying the company's Scotts Valley address as its Principal Address. Bhattacharyya Decl., ¶ 4 and Ex. A. FOX Inc. similarly identified its Scotts Valley address as its Principal Address in its Statement of Information filed the previous year, on March 3, 2022, with the California Secretary of State. *Id.*, Ex. B.

**III.   FOX Inc. and Counsel Sincerely Apologize for Mistakes in Their Papers Regarding FOX Inc.'s Receipt of Bond and Tax Benefits from the State of Georgia**

After receiving SRAM's opposition to FOX Inc.'s motion to transfer, counsel communicated with Mr. Haugen about SRAM's opposition, including SRAM's comments regarding the agreement with the Gainesville and Hall County Development Authority ("GHCDA") for the issuance of $75 million in Taxable Industrial Development Revenue Bonds and *ad valorem* tax benefits for the development of a manufacturing facility in Gainesville, which is now mentioned in the Court's Order.  Bhattacharyya Decl., ¶10. After communicating about this issue with Mr. Haugen, who had personal involvement with that bond and tax transaction, it was then counsel's understanding (which we now know was

incorrect) that FOX Hold Co., rather than FOX Inc., was the entity involved and that received tax/financing benefits from the State of Georgia. *Id*. It was based on that incorrect understanding after communicating with Mr. Haugen that counsel drafted footnote 1 in FOX Inc.'s reply brief, which erroneously stated that FOX Hold. Co. rather than FOX Inc. was the beneficiary of that transaction. *Id*. Mr. Haugen approved that footnote and the entire reply brief before it was filed, and Mr. Haugen, FOX Inc., and counsel did not discover Mr. Haugen's error (which had been replicated in FOX Inc.'s reply) until after receipt of the Court's Order and FOX Inc.'s preparation of this response to the Court's Order. Bhattacharyya Decl., ¶10; McCauley Decl., ¶3. Mr. Haugen's employment with FOX Inc. and FOX Hold Co. ended in December 2023. *Id*. at ¶2.

FOX Inc. and counsel sincerely apologize for the mistake about the bond and tax benefits that FOX Inc. received from the State of Georgia; neither FOX Inc. nor counsel ever intended to mislead the Court or anyone on that point. Merchant Decl., ¶7; Bhattacharyya Decl., ¶10; McCauley Decl. ¶¶2-4. Had FOX Inc. and counsel understood the correct facts and commitments to Georgia, we would not have argued that FOX Inc.'s principal place of business was not in Georgia. And significantly, FOX Inc. and FOX Hold Co. have made good on the letter and spirit of that agreement by exceeding their pledge to expand FOX Inc.'s

powered vehicles manufacturing facilities and employee base in Georgia. Merchant Decl., ¶7. For example, FOX pledged to invest approximately $60M by 2025 in facilities and equipment in Georgia, but by December 29, 2023, FOX had already invested more than $105M, including a large combined production and office facility in Gainesville where production of powered vehicles products began in 2020. *Id.* Similarly, FOX pledged to create 791 new jobs in Georgia by 2025, yet by December 29, 2023, FOX had already created over 1,200 full time employee positions and 245 part time employee positions. *Id.* FOX Inc. and FOX Hold Co. have not only made good on their pledges to Georgia, but they have also already exceeded them in these key respects. *Id.* FOX Inc. and Hold Co. value their citizenship in Georgia and look forward to continued success and growth in Georgia. *Id.*

Upon reviewing SRAM's opposition to FOX's motion to transfer, counsel were surprised to learn that FOX Inc. had identified Georgia as its principal address in FOX Inc.'s filings with the Secretaries of State for Georgia, North Carolina, and Colorado; litigation counsel had not been aware of that previously, nor had FOX Inc.'s in-house counsel realized this inconsistency. Bhattacharyya Decl., ¶11; Merchant Decl., ¶6. FOX Inc. believes these inconsistencies were the result of a decentralized process created by Mr. Haugen, and that these

inconsistencies were not intentional and were not intended to mislead anyone or to take unfair advantage of any tax laws (including those of Georgia). Merchant Decl., ¶6. FOX Inc. is in the process of correcting its filing with the California Secretary of State. *Id.* But despite the realization that FOX Inc. had identified Georgia as its principal address in filings with Secretaries of State for Georgia, North Carolina, and Colorado, at the time the reply was filed it was counsel's understanding based on the facts summarized above and communications with Mr. Haugen that Scotts Valley remained FOX Inc.'s principal place of business under the "nerve center" test because it was the place of the day-to-day direction, control, and coordination of the bike suspension business, and a significant portion of the powered vehicles business. Bhattacharyya Decl., ¶12; McCauley Decl., ¶¶2-4. (More on this point in the following section.)

FOX Inc.'s identification of its Duluth address on patent and trademark applications was not intended to mislead anyone, but probably resulted from the fact that FOX's legal operations are now in Duluth. Merchant Decl., ¶8.

FOX Inc.'s choice of venue clause selecting Atlanta for product liability suits is not inconsistent with FOX Inc.'s belief that it would be less convenient for FOX's witnesses from California (i.e., engineers and salespeople based out of Scotts Valley) to travel to Georgia to defend this patent infringement action.

**IV.  FOX Inc.'s and Counsel's Good Faith Legal Bases for its Contention (Now Withdrawn) that Scotts Valley was the "Nerve Center" and Principal Place of Business of FOX Inc.**

Given FOX Inc.'s and counsel's recent realization about FOX Inc.'s commitments to the state of Georgia and FOX Inc.'s continued expansion and transition of the powered vehicles business from California to Georgia, FOX Inc. understands and acknowledges that Duluth, Georgia is now FOX Inc.'s principal place of business. But at the time the transfer motion and reply were filed, FOX Inc. and counsel had a good faith belief that Scotts Valley was its "nerve center" and principal place of business. In addition to the facts discussed herein, this reasonable belief was supported by counsel's reading of the case law that a corporation's headquarters and principal place of business could be in different locations. FOX Inc. understands, fully accepts, and respects the Court's differing analysis and opinion in the Order, but in response to the OSC, we explain our prior thinking.

Based on the case law, counsel in good faith believed that FOX Inc.'s "nerve center," and thus its principal place of business, was its hub of day-to-day business operations, including research, development, sales, and marketing, rather than the location of FOX Inc.'s CEO (Michael Dennison) or Secretary and Chief

9

Compliance Officer (Toby Merchant) who were in Georgia.[1] Bhattacharyya Decl., ¶7. Counsel's understanding that a corporation's headquarters and principal place of business could be in different locations under the Supreme Court's *Hertz* decision also lent credence to this belief. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78, 92-93 (2010). *Id*.

More specifically, when FOX Inc. filed its motion and reply, counsel understood that FOX Inc.'s "nerve center" continued to be in Scotts Valley and not in the corporate headquarters in Georgia. Bhattacharyya Decl., ¶8. <u>First</u>, counsel understood that Scotts Valley continued to be the home of FOX Inc.'s mountain bike business (i.e., research, design, development, testing, marketing, and sales), with manufacturing in Taiwan. *Id*. FOX Inc.'s Executive Vice President of the Cycling Business Unit (Mr. Wesley Allinger, who provided a declaration in support of the transfer motion), and its Vice President of OEM mountain bike sales (Jared Connell) and his sales team, were based in Scotts Valley. *Id*. All the witnesses that FOX Inc. identified in its initial disclosures and expected to call at trial in this action were in Scotts Valley.[2] *Id*. <u>Second</u>, the President, Power Vehicle

---

[1] At the time the motion and replies were filed, FOX Hold Co.'s interim CFO, Maggie Torres, was also based in Scotts Valley, CA.
[2] FOX's expected witness Bill Brown (VP of engineering) resided in California and worked in FOX Inc.'s Scotts Valley facilities at the time FOX filed its motion to transfer and reply, but recently relocated to North Carolina. FOX's three other

(continued…)

10

Group Business and Corporate Strategy was based in Scotts Valley (he is now the President of the Aftermarket Applications Group), and much of the PVG sales team was based in Scotts Valley, as were certain PVG engineers. *Id*. Third, FOX's "Contact FOX" webpage identifies Scotts Valley as the contact location for Mountain Bike OEM sales, Power Sports sales, Power Sports OEM sales, and Power Sports international sales. *Id*.

In sum, even though FOX Inc.'s CEO and CLO were in Georgia, it was counsel's understanding based on discussion of the above facts with FOX Inc.'s then in-house counsel Mr. Haugen, that most of the day-to-day "direction, control, and coordination" of the bike suspension business, and even a significant part of the powered vehicles business, was in Scotts Valley. *See Hertz*, 559 U.S. at 78, 79, 93, 97; Bhattacharyya Decl., ¶8; McCauley Decl. ¶¶2-4. FOX Inc. and counsel now realize that the prior assessment of the principal place of business might have been incorrect because it did not take into account FOX Inc.'s commitments to the state of Georgia and the continued transition of the power vehicles business into Georgia under that commitment, which FOX Inc. fully respects and has been honoring to the full extent.

---

witnesses identified in its initial disclosures continue to live in California and work in the Scotts Valley facilities.

FOX Inc. understands that the statements in the reply brief that Scotts Valley was the principal place of business for the bike suspension business have created concerns for the Court and might have led the Court to believe that FOX Inc. was attempting to maneuver out of its prior statement that FOX Inc.'s principal place of business was Scotts Valley. But neither FOX Inc. nor litigation counsel were trying to dodge the question of FOX Inc.'s principal place of business. Bhattacharyya Decl., ¶13; McCauley Decl. ¶¶2-4. Respectfully, the reply did state that "FOX's opening brief correctly stated that FOX is a California corporation having its principal place of business in Scotts Valley, California." Dkt. 26 at 1. Indeed, at the time the reply brief was filed, counsel continued to believe that Scotts Valley was the "nerve center" of FOX Inc. but also wanted to emphasize the center for the day-to-day business of FOX Inc.'s bike suspension business, which is at issue in this case. Bhattacharyya Decl., ¶13.

We regret that the language in the reply brief did not address head-on counsel's reasonable belief (at that time) that the principal place of business of FOX Inc. under the "nerve center" test was Scotts Valley. *Id*. In hindsight, instead of using the language "the principal place of business for the bike suspension business," counsel should have used different terminology, such as "home" or "center" of the bike suspension business. *Id*. We apologize for the confusion and

concern inadvertently created, but there was no intention to mislead the Court or to sidestep the question of FOX Inc.'s principal place of business. *Id*. Rather, counsel's intention was to emphasize the locus of the bike suspension business, because all FOX Inc.'s witnesses and most of the relevant evidence are in Scotts Valley. *Id*.

## V.     Conclusion

For the reasons explained above, FOX Inc. respectfully submits that sanctions are not appropriate and again apologizes for the concerns its motion to transfer and reply raised with the Court.

Dated:  March 20, 2024

Respectfully submitted,

 /s/Arpita Bhattacharyya

Virginia L. Carron (Ga. Bar No. 112770)
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Tel:  (404) 653-6400
Fax: (404) 653-6444
Email: virginia.carron@finnegan.com

Robert F. McCauley (admitted *pro hac vice*)
Arpita Bhattacharyya (admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Tel:  (650) 849-6600
Fax: (650) 849-6666
Email: robert.mccauley@finnegan.com
Email: arpita.bhattacharyya@finnegan.com

*Attorneys for Defendant FOX Factory, Inc.*

## CERTIFICATE OF SERVICE AND COMPLIANCE

Counsel for FOX Factory, Inc. hereby certifies that on March 20, 2024, the foregoing DEFENDANT FOX FACTORY, INC.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT APPROPRIATE was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

Pursuant to Local Rule 7.1(D), counsel for Defendant FOX Factory, Inc. certifies that the foregoing was prepared in 14-point Times New Roman font and otherwise conforms to the requirements of Local Rule 5.1.

       */s/Virginia L. Carron*
Virginia L. Carron (Ga. Bar No. 112770)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
271 17th Street, NW, Suite 1400
Atlanta, Georgia 30363
Telephone: (404) 653-6452
Email: virginia.carron@finnegan.com

*Counsel for Defendant Fox Factory, Inc*