## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SRAM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CV-00492-SCJ |
| | ) | |
| FOX FACTORY, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## JOINT REQUEST FOR CONFIRMATION OF CASE SCHEDULE

COME NOW Plaintiff SRAM, LLC ("SRAM") and Defendant Fox Factory, Inc. ("FOX") to request clarification of the schedule of this case following the lifting of the stay of discovery and all related deadlines on March 6, 2024. The parties met and conferred on June 7 and June 18, 2024, but have not been able to agree on the proper interpretation of the Court's May 31, 2023 Order [ECF No. 27] or a case schedule. The parties' respective positions are presented below:

**Plaintiff SRAM's positions**:

Based on Fox's prior representations, Fox's conduct, this Court's Orders, and the Local Rules, Fox's belated attempt to slow this case again by newly requesting claim construction is too late and beyond the time provided under the Court's deadlines for any claim construction process. As set forth further below, SRAM believes Fox has waived any right to change its mind and request claim

1

construction.   As such, expert discovery should promptly begin as soon as fact

discovery closes on July 8.  Fox's untimely request for claim construction is nothing

more than an additional attempt by Fox to forum shop (this time with the USPTO).

Fox should not be permitted to further delay this case, which has now been pending

for well over a year.   Under any construction of this Court's orders, the time for

claim construction has passed.

On April 17, 2023, the Parties submitted their Joint Preliminary Report and

Discovery Plan. [ECF No. 24.]  In that Plan, Paragraph 9 stated:

> **Defendant FOX requests that <u>fact discovery</u> be stayed until the Court
> decides FOX's pending motion to transfer this action to the NDCA, which
> is Defendant FOX's principal place of business**.[1] FOX disagrees with
> SRAM's statements below; the motion to the transfer to the NDCA is
> meritorious and should be granted. **Regardless, <u>FOX is not requesting</u> any
> stays on the parties' exchanges of contentions, etc., <u>under the Patent
> Local Rules</u>. Rather, FOX is <u>simply requesting a stay of fact discovery</u>
> until decision on the motion to transfer because the timeline/schedule for
> fact discovery in the NDCA is different from that of this District**. FOX
> requests that the Court enter such an order pending decision on the transfer
> motion or for an opportunity to discuss its request at a scheduling conference.
>
> SRAM, LLC opposes Fox's request for a stay pending a ruling on the motion
> to transfer from its principal place of business in this District. In addition to
> the fact that SRAM believes that Fox's motion to transfer is meritless, as set
> forth in SRAM's Opposition thereto, Fox's motion is not dispositive and this
> case will proceed regardless. As discovery will occur here or in the Northern
> District of California, and the Federal Rules of Civil Procedure will govern
> that procedure in either case, there is simply no basis justifying a stay.

---

[1] This was just one more place that Fox misrepresented its principal place of business
to the Court in order to obtain relief to which it was not entitled.

[*Id.* at 6 (emphasis added).]  On May 31, 2023, the Court entered a Scheduling Order providing:

> Upon review of the information contained in the Joint Preliminary Report and Discovery Plan [Doc. 24], the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above referenced form, except as herein modified:
>
> This matter is assigned to a **four (4) month discovery track**. **Discovery and all related deadlines will proceed in accordance the Local Rules of this Court as well as the Federal Rules of Federal Procedure following the Court's ruling on Defendant's outstanding Motion to Transfer to the Northern District of California** [Doc. 22].

[ECF No. 27 (emphasis added).]  Consistent with Fox's representation that it was *not* seeking to stay matters "under the Patent Local Rules," even after the Court entered the order staying fact discovery, the Parties continued with their exchange of infringement/invalidity contentions, with Fox serving its Preliminary Invalidity Contentions and exhibits thereto, as well as its Response to SRAM's Infringement Contentions on June 16, 2023.  (Exhibit 1, Fox's Contentions.)

Under this Court's Local Patent Rules, both the Parties' exchange of Contentions and the Claim Construction schedule are hinged off of the Parties' filing of the Joint Preliminary Report and Discovery Plan.  Specifically, LPR 4.4 provides that (1) Plaintiff must provide its Disclosure of Infringement Contentions within thirty (30) days after filing of the Joint Preliminary Report and Discovery Plan; and (2) Defendant must serve its Invalidity Contentions and Response to Infringement

Contentions 30 days thereafter; and LPR 6 provides that

> Not later than ninety (90) days after filing of the Joint Preliminary Report and Discovery Plan, each party must simultaneously exchange a list of claim terms, phrases, or clauses (including the qualifications of a person of ordinary skill in the art at the time of the invention(s) of the patent(s)-in-suit) which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

Neither the exchange of Contentions nor the Exchange of Proposed Terms for claim construction is based on fact discovery or the discovery schedule under the Rules. SRAM understood that any terms for construction should have been exchanged by no later than July 17, 2023, which was 90 days after the filing of the Joint Preliminary Report and Discovery Plan on April 17, 2023.

SRAM does not believe any terms need to be construed, as it has stated to Fox. Likewise, Fox explicitly stated in the IPRs it filed on the same patents that are at issue in this litigation that "No terms need construction to resolve the controversy in this forum." (Exhibit 2, Petition in IPR2024-00491, at 9; *see also* Exhibit 3, Petition in IPR2024-00492, at 8 ("No terms need construction to resolve the controversy here.").)

On March 6, 2024, the Court issued its Order denying Fox's Motion to Transfer and ordering Fox to show cause why sanctions were not appropriate based on the Court's conclusion that "FOX originally misrepresented the location of its principal place of business." [ECF No. 30 at 24.] According to the Court's prior

4

Scheduling Order, the March 6, 2024 Order lifted the stay of fact discovery and required the parties to complete discovery by July 8, 2024 (four months following the denial of the transfer motion).

The day after the stay was lifted, SRAM reached out to counsel for Fox, not only inquiring about discovery responses served almost a year prior that Fox still needed to respond to, but also stating its understanding that the deadline for the exchange of terms for claim construction had already expired:

> We also need to simultaneously exchange a list of claim terms for construction and, *given that the time to do so under the local rules passed during the time period the case was stayed*, would propose we do so by no later than March 20.

(Exhibit 4, March 7–15, 2024 Email Corresp. (emphasis added).)  When Fox did not respond for over a week, SRAM's counsel sent another email, again requesting a response.  (*Id.*)  Fox's counsel finally responded regarding the overdue discovery responses, but did not address claim construction whatsoever.  (*Id.*)  As such, and in light of Fox's prior statements in the IPR that claim construction was not necessary, Fox's response confirmed SRAM's understanding that Fox was continuing to maintain that claim construction would not be required.[2]

---

[2] Indeed, based on discussions with Fox's counsel, it *was* still Fox's position in March 2024 that claim construction *was not needed* as Fox's sole basis for asserting claim construction is necessary *now* is based on SRAM's preliminary response in the IPRs filed only last month (May).  (Exhibit 5, June 4–14, 2024 Email Corresp.)

On June 4, 2024, Fox's counsel stated for the first time that it believed that claim construction was now necessary (contrary to its prior statements in the IPR proceedings) and proposed that the Parties exchange terms that same day. (Exhibit 5, June 4–14, 2024 Email Corresp.) The same day, SRAM's counsel responded that the deadline for claim construction had "long since passed" and referred back to the March 7 email correspondence as well as Fox's IPR statements that claim construction was unnecessary. (*Id.*) Fox responded that its proposal to exchange terms on June 4 was not untimely because "90 days from March 6" (when the Court entered its Denial of the Motion to Transfer) was June 4. (*Id.*) SRAM responded with a detailed explanation, as well as citation to Fox's prior statements (to both this Court in the Joint Proposed Scheduling Plan and to the PTAB in the IPR Petitions), the Orders of the Court, and the Local Rules. (*Id.*)

SRAM's position, as stated in its email correspondence with Fox and during meet and confer calls, is that the stay of fact discovery did not impact claim construction because Fox specifically stated that it "is not requesting any stays on the parties' exchanges of contentions, etc., under the Patent Local Rules. Rather, FOX is simply requesting a stay of fact discovery[.]" [ECF No. 24 at 6.] Fox not only stated that it was not seeking a *complete* stay of the litigation, it *showed* it did not interpret the Order as completely staying the litigation by serving its invalidity contentions and response to SRAM's infringement contentions *even after the*

6

*Scheduling Order had been entered.* (*See* <u>Exhibit 1</u>, Fox's Contentions.) As such, under the Local Rules, the deadline for the exchange of terms for construction passed on July 17, 2023.

Further, even if the Court's Scheduling Order *did* impose a more wide-reaching stay that included claim construction, Fox's June 4 request was *still* untimely. Again, LPR 6 requires the exchange of proposed terms "[n]ot later than ninety (90) days after filing of the Joint Preliminary Report and Discovery Plan," which was filed on April 17, 2023. [ECF No. 24.] Between April 17, 2023 and the Court's May 31, 2023 Scheduling Order, 44 days had passed. As such, if Fox is correct that claim construction was stayed (contrary to its statement in the Joint Preliminary Report), then 46 days remained of the 90-day period when the stay was lifted. Even then, the deadline of April 22, 2024 (46 days after the stay lifted) came and went without any word from Fox that claim construction was needed (and despite SRAM's inquiry *as soon as the stay had been lifted*).[3] Thus, regardless of the scope of the stay, Fox's request is untimely.

---

[3] Fox appears to be taking the position that its mere request for a stay of fact discovery somehow stayed the entire litigation. That is contrary to law. *E.g.*, *Yomi v. Becerra*, No. 21-2224-DDC-ADM, 2022 WL 17959327, at *5 (D. Kan. Dec. 27, 2022), *aff'd*, No. 23-3003, 2024 WL 1109060 (10th Cir. Mar. 14, 2024) ("A party's motion to stay, by itself, doesn't stay the case. If it did, a motion would have the same effect as a court's Order. That's not how it works."). It is also contrary to what Fox previously represented to the Court about what it was *not* asking to stay.

Fox's failure to comply with the Local Rules, Order of the Court, and its own representations prevents it from now, very belatedly, demanding claim construction. This Court is well within its discretion to apply and enforce the Local Rules and its Scheduling Order and "refuse[] to entertain [Fox's] untimely arguments." *E.g.*, *SanDisk Corp. v. Memorex Prod., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (upholding district court's decision to decline to consider proposed construction of "corresponds" that was submitted after the "relevant cut-off dates under the . . . Local Rules and the trial court's scheduling order"); *see also Autoliv Asp, Inc. v. Hyundai Mobis Co.*, No. 2:13-CV-141-ECM-WC, 2019 WL 13215358, at *2 (M.D. Ala. Apr. 4, 2019) ("Defendants' efforts to force construction of additional claim terms is unavailing" when they were not timely raised); *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC, 2022 WL 21306656, at *12 (N.D. Cal. Oct. 25, 2022) (declining to construe the term "plate" as the request for construction was untimely and noting that "[t]he mere fact that the parties disagree on the plain meaning of the term does not necessarily mean that the term is a technical one requiring claim construction"). Fox's suggestion that it can seek claim construction at any point is not supported.    Fox's very belated and untimely request for claim construction—after it has already told the PTAB that claim construction is not needed—is the latest attempt by Fox to forum shop. Indeed, only a few days before its untimely request for claim construction, Fox's counsel reached

8

out to SRAM's counsel for leave to file pre-institution replies in the IPRs relating to the patents at issue.  (Exhibit 6, May 31, 2024 Email Corresp.)  Fox filed that Reply on June 12, arguing to the PTAB that it should accept review of the patents in suit because, inter alia:

- This Court has a "median time-to-trial for patent cases" of "more than 7 years." (Exhibit 7, Fox Reply at 3.)

- "[A]ny trial would take place around July 2026[.]" (*Id.* at 4.)

- "Hon. Judge Jones, who is presiding over the Georgia Litigation, has never had a patent case go to trial." (*Id.* at 5.)

Indeed, Fox uses the Parties' present dispute about the Court's Scheduling Order that it manufactured ***to further justify its Petition for institution of IPR***: "In fact, as of the filing of this paper, the parties are still in the midst of negotiating a case schedule, and claim construction has not yet started."  (*Id.* at 5.)  In short, Fox is using its own prior delay (caused by the stay) and its latest manufactured dispute regarding claim construction (raised after *any* arguable deadline and right after it sought to file a reply with the PTAB) to bolster its argument that the PTAB should review the patents at issue instead of this Court.  The Court has already rejected Fox's forum shopping via a transfer motion and should likewise reject Fox's attempt at forum shopping with the PTAB.  Under any reading of the Scheduling Order and Local Rules, Fox's request for claim construction is too late.  As such, SRAM proposes the following schedule:

1.      The parties shall designate all affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 22, 2024.

2.      The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 12, 2024.

3.      Close of Expert Discovery: August 26, 2024.

4.      Dispositive Motions & Motions Objecting to Expert Testimony Deadline: September 16, 2024.

5.      SRAM believes this case will be ready for trial by December 2024.  The Parties request a four to five-day jury trial (not including jury selection).

**Defendant FOX's positions:**

FOX has tried several times to reach agreement with SRAM on a schedule for claim construction proceedings, which is a critical step in almost every patent litigation including this case, but SRAM has refused to even propose a schedule, or comment on FOX's proposed schedule. SRAM instead argues that claim construction is allegedly waived because it should have been completed during the nine-month stay period (from May 31, 2023 to March 6, 2024). SRAM is incorrect. In fact, SRAM has even admitted that "the case was stayed" in its March 7, 2024 email to FOX's counsel (SRAM Exhibit 4), yet SRAM continues to argue without

any legal support that claim construction should have proceeded during the stay.

The Court's Order (Dkt. 27) was clear – it stated that "**[d]iscovery and all related deadlines**" are stayed until the Court rules on FOX's motion to transfer. Although FOX had only requested stay of fact discovery in the parties' Joint Preliminary Report and Discovery Plan (Dkt. 24), the Court *sua sponte* stayed "discovery and all related deadlines" (Dkt. 27).[4] FOX reasonably interpreted the Order to mean that all discovery (including claim construction discovery) and all related deadlines, which includes claim construction deadlines, were stayed. Although FOX served its Preliminary Invalidity Contentions and its Response to SRAM's Infringement Contentions on June 16, 2023 (about 2 weeks after the stay commenced on May 31, 2023), FOX only did so because it previously told SRAM and the Court in the Joint Preliminary Report and Discovery Plan that the service of contentions should continue during stay of discovery. **But FOX did not expect or understand that claim construction was to continue during the stay because claim construction, unlike invalidity contentions or response to infringement contentions, requires discovery under LPR 6.4 and *all* discovery was stayed per the Court's Order.** For instance, FOX intends to take depositions of the

---

[4] Contrary to SRAM's allegation, FOX is not "taking the position that its mere request for a stay of fact discovery somehow stayed the entire litigation"; rather, FOX reasonably relied on the Court's order (Dkt. 27) that discovery and all related deadlines were stayed.

named inventors of the asserted patents and any expert witness that SRAM may have used for purposes of claim construction, which FOX would not have been allowed to do during the stay of "discovery and all related deadlines" per the Court's Order.

Significantly, during the nine-month stay, SRAM did not approach FOX for claim construction, or suggest (as SRAM does now) that claim construction was not stayed and should have been completed during the stay period. SRAM simply laid in wait and is arguing for the first time now that claim construction should have started on July 17, 2023. On or about July 17, 2023, SRAM had no reason to believe that FOX did not want claim construction, and yet SRAM did not approach FOX to initiate claim construction proceeding at that time.

SRAM's reliance on the IPR petitions to argue that it understood FOX did not want claim construction is misplaced—the IPR petitions, which were filed on February 1, 2024, clearly said that claim construction was not needed to resolve the *unpatentability* disputes at the PTAB. *See* SRAM Exhibit 2, Petition in IPR2024-00491, at 9 ("No terms need construction to resolve the controversy in this forum"); *see also* SRAM Exhibit 3, Petition in IPR2024-00492, at 8 ("No terms need construction to resolve the controversy here."). FOX never said claim construction was not needed to resolve the *infringement* disputes and/or *indefiniteness* issues not permitted in IPRs but before the Court, and in fact, FOX

specifically reserved the right to raise indefiniteness issue in this Court (as it has done now). *See* SRAM Exhibit 2, Petition in IPR2024-00491, at 9 n. 4 ("[FOX] reserves the right to argue in an appropriate forum that certain limitations in the challenged claims are indefinite."); SRAM Exhibit 3, Petition in IPR2024-00492, at 8 n. 1 (same). It is also well established that regardless of a party's claim constructions to the PTAB, it has "the opportunity to argue its preferred claim construction to the district court." *SkyHawke Technologies, LLC v. Deca International Corp.*, 828 F.3d 1373, 1376-77 (Fed. Cir. 2016). Parties routinely forego claim construction at the PTAB but pursue claim construction at the district court because the PTAB "is required to construe 'only those terms . . . that are in controversy, and *only to the extent necessary* to resolve the controversy.'" *Nichia Corp. v. DSS, Inc*., No.  2023 WL 7211097, at *2 (Fed. Cir. November 2, 2023) (citing *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 803 (Fed. Cir. 1999) (emphasis in original). In fact, SRAM did the same, i.e., did not request claim construction in one of its IPRs at the PTAB, but requested claim construction in the parallel district court proceeding on the same patent. FOX Exhibit A, SRAM's Petition in IPR2023-01301 for U.S. Patent 9,739,331, at 8-11 ("For purposes of this IPR, claim construction is not necessary …"); FOX Exhibit B, SRAM's proposed claim constructions in district court for the same '331 patent.

Moreover, FOX has only identified three claim terms total for construction

(two terms from the '993 patent and one term from the '207 patent). Of those three claim terms, FOX has identified two terms as indefinite, which is consistent with FOX's Preliminary Invalidity Contentions served on June 16, 2023.[5] That is, SRAM has had notice since June 16, 2023 that claim construction was needed to resolve the parties' dispute about the meaning and scope of the claims because of the indefiniteness contentions. *ePlus, Inc. v. Lawson Software, Inc*., 700 F.3d 509, 517 (Fed. Cir. 2012) ("[I]ndefiniteness is a question of law and in effect part of claim construction."); *Noah Systems, Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012) ("Whether a claim complies with the definiteness requirement of 35 U.S.C. § 112 ¶ 2 is a matter of claim construction, which we review de novo."). SRAM's argument that it did not believe claim construction was needed is meritless for this additional reason. Contrary to SRAM's feigned surprise that FOX is asking for claim construction, SRAM has had notice since June 2023 that claim construction was necessary to resolve, at a minimum, the indefiniteness issues raised by FOX.

Since the lifting of the stay on March 6, 2024, the parties have resumed fact

---

[5] Claim construction for a third term of the '993 patent has also become necessary because of positions that SRAM has taken before the PTAB in a paper filed with the PTAB on May 13, 2024 (SRAM's Preliminary Patent Owner Response in IPR2024-00491), which FOX believes are incorrect and inconsistent with SRAM's infringement contentions in this case.

discovery in earnest and are making reasonable effort to complete the four-month discovery period on July 8, 2024 (since July 6 is a Saturday) per the Court's order assigning this case to a four (4) month discovery track. *See* Dkt. 27. The parties agree that March 6, 2024, i.e., the date FOX's transfer motion was denied, served as a trigger date to begin the four-month discovery track. FOX also reasonably relied on the same March 6, 2024 trigger date to calculate the claim construction deadlines per the Patent Local Rules (LPR 6.1—6.5). Per FOX's understanding of the case schedule and pursuant to LPR 6.1, FOX has already identified the terms that FOX believes need claim construction by the Court, and pursuant to LPR 6.2, FOX has also provided its preliminary constructions and extrinsic evidence in support of the constructions. SRAM notified FOX on June 14, 2024 that it believes claim construction is not needed and that each of those terms should be given their plain and ordinary meaning. SRAM confirmed the same in an email dated June 25, 2024. Given that fundamental disputes regarding the scope of the asserted claims exist (plain and ordinary meaning versus FOX's constructions/indefiniteness), FOX respectively requests the Court to conduct a claim construction proceeding pursuant to the Patent Local Rules to resolve the disputes before commencing the expert discovery phase. *See O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1362-63 (Fed Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's

15

duty to resolve it."); *see also id.* at 1360 ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). SRAM, however, has presented no relevant case law to support its argument that claim construction is waived, even though there are actual disputes regarding the scope of the asserted claims and there has not been any claim construction in this case. The cases that SRAM cites for the proposition that the Court can decline to conduct claim construction proceedings to "enforce the Local Rules and its Scheduling Order" are inapposite. In *SanDisk Corp. v. Memorex Prod., Inc.*, the district court indeed conducted claim construction proceedings and only declined to construe an additional term that was raised after the claim construction proceedings concluded. 415 F.3d 1278, 1282, 1292 (Fed. Cir. 2005). Similarly, in *Autoliv Asp, Inc. v. Hyundai Mobis Co.*, the court had already conducted claim construction proceedings and only declined to construe "additional terms that were not raised in [the parties'] original or supplemental claim construction briefs, at either of the two *Markman* hearings, or at the status conference on October 18, 2018," in part because "there has been a lack of diligence by Defendants, as they were aware of all statements by Plaintiff during the IPR process for almost three years before they proposed construction of new terms based on those statements." No. 2:13-CV-141-ECM-WC, 2019 WL 13215358, at **1, 2 (M.D. Ala. Apr. 4, 2019). And in *Asetek Danmark A/S v.*

16

*CoolIT Sys. Inc.*, the court did not decline to construe the term "plate" because it was supposedly untimely, rather the court considered the parties' positions and found that "plate" is not a "technical term that requires claim construction" and should instead be given its plain and ordinary meaning. No. 19-CV-00410-EMC, 2022 WL 21306656, at **11, 12 (N.D. Cal. Oct. 25, 2022). In fact, in *Asetek Danmark,* the court had "already considered two rounds of claim constructions," and yet considered the claim construction arguments raised in a summary judgment motion because the court found that "[i]t is true that Asetek's failure to seek construction of the term 'plate' prior to the [PTAB's final written decision] does not seem to be gamesmanship on their part, as this issue became apparent to Asetek only after the [final written decision]." *Id.* Here too, the need for construction of one of FOX's proposed claim terms became apparent to FOX only after SRAM filed a paper with the PTAB on May 13, 2024 and FOX approached SRAM for claim construction on June 4, 2024 (for the other two terms, FOX is asserting indefiniteness, which was timely notified to SRAM in June 2023).

Attached **Exhibit C** provides FOX's proposed case schedule, which tracks the Patent Local Rules. SRAM's arguments that FOX has failed to "comply with the Local Rules, Order of the Court, and [FOX's] own representation" are incorrect. FOX never stated that claim construction was not needed in this Court, FOX's proposed schedule substantially tracks the Patent Local Rules, and is

17

consistent with FOX's reasonable understanding of the Court's Order (Dkt. 27). Nor is FOX's proposed claim construction schedule untimely, belated, or submitted with dilatory motive. Regardless, to move the schedule forward diligently and to avoid further accusations from SRAM about delay, FOX has expedited some of the proposed dates by about two weeks, as shown in Exhibit C. Since SRAM has not proposed any claim terms for construction and has said that FOX's proposed terms should be simply given their plain and ordinary meaning, FOX believes the expedited claim construction schedule should not be a problem for SRAM.

FOX proposed schedule is reasonable, follows the Patent Local Rules, and should therefore be granted. SRAM's proposed schedule disregards the Patent Local Rules by making no time for claim construction prior to expert discovery (per LPR 6), and by truncating the presumptive time periods for opening and responsive expert reports and expert depositions and making no time for the rebuttal/reply report (*compare* LPR 7 *with* SRAM's proposed schedule at page 10). SRAM's proposed schedule should therefore be rejected.

*(signatures on following page)*

Respectfully submitted this 27th day of June, 2024.

/s/ Richard B. Walsh, Jr.

Holmes J. Hawkins III
  Georgia Bar No. 338681
**KING & SPALDING, LLP**
1180 Peachtree St., NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5137
Email:  hhawkins@kslaw.com

Richard B. Walsh, Jr. (admitted *pro hac vice*)
Michael J. Hickey (admitted *pro hac vice*)
Sarah A. Milunski (admitted *pro hac vice*)
**LEWIS RICE LLC**
600 Washington Ave., Suite 2500
St. Louis, MO 63101
Tel: (314) 444-7600
Email:
rwalsh@lewisrice.com
mhickey@lewisrice.com
smilunski@lewisrice.com

*Counsel for Plaintiff SRAM, LLC*

/s/ Arpita Bhattacharyya

Virginia L. Carron (Ga. Bar 112770)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Tel:  (404) 653-6400
Fax:  (404) 653-6444
Email:  virginia.carron@finnegan.com

Robert F. McCauley (admitted *pro hac vice*)
Arpita Bhattacharyya (admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666
Email:
robert.mccauley@finnegan.com
Email:
Arpita.bhattacharrya@finnegan.com

*Attorneys for Defendant FOX Factory, Inc.*

19

**CERTIFICATE OF SERVICE AND COMPLIANCE**

Counsel for Plaintiff SRAM, LLC hereby certifies that on June 27, 2024, a true and correct copy of the foregoing **JOINT REQUEST FOR CONFIRMATION OF CASE SCHEDULE** and Exhibits 1-7 and A-C were filed electronically with the Clerk of court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

Pursuant to Local Rule 7.1(D), counsel for Plaintiff SRAM, LLC certifies that the foregoing pleading was prepared in 14-point Times New Roman font and otherwise conforms to the requirements of Local Rule 5.1