IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SRAM, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOX FACTORY, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 1:23-cv-00492-SCJ |

**FOX FACTORY, INC.'S CLAIM CONSTRUCTION STATEMENT
PURSUANT TO PATENT L. R. 6.3**

Pursuant to Patent L.R. 6.3 and Defendant FOX Factory, Inc.'s ("FOX") proposed schedule case (Dkt. 34-10), FOX hereby submits its Claim Construction Statement for the patents-in-suit, namely, United States Patent No. 10,328,993 B2 ("the '993 patent") and United States Patent No. 7,147,207 B2 ("the '207 patent"). This is not a joint filing because Plaintiff SRAM, LLC ("SRAM") has declined to participate in the claim construction proceedings because, as discussed in the parties' Joint Request for Confirmation of Case Schedule (Dkt. 34), SRAM's position is that claim construction allegedly should have been completed during the nine-month stay period (FOX disagrees). SRAM has notified FOX that it believes that all claim

1

terms, including the claims terms identified by FOX for construction, "should be construed using the plain and ordinary meaning of the terms." Ex. A (email from SRAM's counsel dated June 25, 2024).

FOX requests the Court to construe the following three terms from the '993 and '207 patents. FOX agrees with SRAM that all other claims terms in the patents-in-suit should be given their plain and ordinary meaning.

## I.   The '993 Patent

| Claim Term | FOX's Position |
|---|---|
| "a vertical plane of travel of the bicycle"/"plane of travel of the bicycle" (claims 1, 61, 64) | "vertical plane of the bicycle frame when the bicycle is in upright position with both wheels aligned in the same direction"<br><br>Intrinsic evidence:<br>'993 patent: 1:8-42, 2:4-9, 3:26-32, 7:57-65, Figs. 1, 3-4.<br><br>'207 patent file history: Responses to Office Actions dated 4/7/2017, 10/3/2017, 4/12/2018, 11/12/2018; Notice of Allowability dated 2/12/2019.<br><br>SRAM's preliminary response and preliminary sur-reply in IPR2024-00491. |

| Claim Term | FOX's Position |
|---|---|
| | Extrinsic evidence: Expert declaration of Dr. Alexander Slocum on the meaning/scope of the term |
| "a thickness of the wall at any point in the lower section of the body varying as a function of the cross-sectional angle of the point relative to the plane of travel" (claims 1, 61, 64) | The term is indefinite under 35 U.S.C. § 112(b).<br><br>Intrinsic evidence:<br>'993 patent: Abstract, Summary of invention, claim language, Figs. 1-11 and associated texts.<br><br>'207 patent file history: Responses to Office Actions dated 4/7/2017, 10/3/2017, 4/12/2018, 11/12/2018; Notice of Allowability dated 2/12/2019.<br><br>SRAM's preliminary response and preliminary sur-reply in IPR2024-00491.<br><br>Extrinsic evidence: Expert declaration of Dr. Alexander Slocum on the indefiniteness issues. |

## II.   The '207 Patent

| Claim Term | FOX's Position |
|---|---|
| "adjusting the damping characteristics corresponding to at least one of the positions of the valve actuating assembly independently of the damping characteristics corresponding to another position of | The term is indefinite under 35 U.S.C. § 112, ¶2, or in the alternative, the term should be construed as "when the damping characteristics corresponding to one of the positions of the valve |

3

| Claim Term | FOX's Position |
|---|---|
| the valve actuating assembly" (claim 1) | actuating assembly is adjusted, the damping characteristics corresponding to all other positions of the valve actuating assembly remain unaffected"<br><br>Intrinsic evidence:<br><br>'207 patent: Abstract, 1:55-62, 2:16-33, 3:42-62, 6:27-36, 5:14-47, 7:2-6, 7:65-8:4, 8:20-32; Figs. 1-10.<br><br>'207 patent file history: Responses to Office Actions dated 4/5/2006 and 8/25/2006; Notice of Allowability dated 9/13/2006; Comments on Statement of Reasons for Allowance dated 9/29/2006.<br><br>SRAM's preliminary response and preliminary sur-reply in IPR2024-00492.<br><br>Extrinsic evidence: Expert declaration of Dr. Alexander Slocum on the meaning/scope of the term and indefiniteness issues. |

**III.   Anticipated Length of Time for Claim Construction Hearing**

FOX expects FOX's portion of the Claim Construction Hearing to take 1.5 hours, including time for expert testimony.

4

## IV. Witness Testimony at Claim Construction Hearing

FOX intends to call FOX's technical expert, Dr. Alexander Slocum, to testify on the meaning and/or scope of the identified claim terms, support in the intrinsic record (or lack thereof), and the indefiniteness issues. If SRAM provides its own constructions for the claim terms identified above, Dr. Slocum will also opine on SRAM's proposed constructions and evidence offered by SRAM in support of its constructions. Dr. Slocum will further opine on SRAM's implicit claim constructions for each of the identified claim terms in its filings before the Patent Trial and Appeal Board (PTAB) in response to FOX's *inter partes* review petitions.

For the claim limitation "a vertical plane of travel of the bicycle"/"plane of travel of the bicycle" in claims 1, 61, and 64 of the '993 patent, Dr. Slocum will testify about the meaning of the term from the perspective of a person skilled in the art in view of the intrinsic record.

For the claim limitation "a thickness of the wall at any point in the lower section of the body varying as a function of the cross-sectional angle of the point relative to the plane of travel, the wall thickness being at a maximum in the plane of travel of the bicycle" in independent claims 1, 61, and 64 of the '993 patent, Dr. Slocum will also provide his opinion that the meaning and scope of this limitation cannot be determined with reasonable certainty by a person skilled in the art.

Specifically, Dr. Slocum will explain that a person skilled in the art would not be able to reasonably determine, based on the claim language and/or the specification, whether the wall thickness of the steerer tube body must vary continuously or linearly throughout the cross-section of tube body, or whether the thickness must vary at only two or more points (not continuously) on an inner cross-section of the tube body. Moreover, Dr. Slocum will explain that the meaning of the phrase "a function of the cross-sectional angle of the point relative to the plane of travel" is unclear and cannot be reasonably understood by one skilled in the art.

For the claim limitation "adjusting the damping characteristics corresponding to at least one of the positions of the valve actuating assembly independently of the damping characteristics corresponding to another position of the valve actuating assembly" in claim 1 of the '207 patent, Dr. Slocum will explain that the meaning and scope of this limitation cannot be determined with reasonable certainty by a person skilled in the art. Specifically, Dr. Slocum will explain that in the case of a device having three or more adjustment positions of the valve actuating assembly, a person skilled in the art would not be able to reasonably understand or determine whether adjustment of damping characteristics in one position leaves the damping characteristics of each of the other positions unaffected, or whether adjustment of damping characteristics in one position leaves the damping characteristics of only

one or some (but not all) of the other positions unaffected. Alternatively, Dr. Slocum will opine that to clarify the meaning and scope of the limitation, it should be construed to mean that when the damping characteristics corresponding to one of the positions of the valve actuating assembly is adjusted, the damping characteristics corresponding to all other positions of the valve actuating assembly remain unaffected, and how this construction is supported by the intrinsic record.

| | |
|---|---|
| Dated:  June 28, 2024 | Respectfully submitted,<br><br>*/s/ Arpita Bhattacharyya*<br><br>Virginia L. Carron (Ga. Bar No. 112770)<br>**FINNEGAN, HENDERSON, FARABOW,**<br> **GARRETT & DUNNER, LLP**<br>271 17th Street, NW<br>Suite 1400<br>Atlanta, GA 30363-6209<br>Tel: (404) 653-6400<br>Fax: (404) 653-6444<br>Email: virginia.carron@finnegan.com<br><br>Robert F. McCauley (admitted *pro hac vice*)<br>Arpita Bhattacharyya (admitted *pro hac vice*)<br>**FINNEGAN, HENDERSON, FARABOW,**<br> **GARRETT & DUNNER, LLP**<br>3300 Hillview Avenue<br>Palo Alto, CA 94304<br>Tel: (650) 849-6600<br>Fax: (650) 849-6666<br>Email: robert.mccauley@finnegan.com<br>Email: arpita.bhattacharyya@finnegan.com<br><br>*Attorneys for Defendant FOX Factory, Inc.* |

**CERTIFICATE OF SERVICE**

Counsel for FOX Factory, Inc. hereby certifies that on June 28, 2024, the foregoing **FOX FACTORY, INC.'S CLAIM CONSTRUCTION STATEMENT PURSUANT TO PATENT L. R. 6.3 AND EXHIBIT A** were filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/Virginia L. Carron
Virginia L. Carron (Ga. Bar No. 112770)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
271 17th Street, NW, Suite 1400
Atlanta, Georgia 30363
Telephone: (404) 653-6452
Email: virginia.carron@finnegan.com

*Counsel for Defendant Fox Factory, Inc.*
